# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>DERRAL G. ADAMS, Warden,<br><br>    Respondent. | CV F   05-0723 LJO DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS; OBJECTIONS DUE WITHIN THIRTY DAYS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR), for a April 11, 1997, conviction of first degree murder. (Exhibit A, Legal Status Sheet, Attached to Respondent's Answer.)

In the instant petition, Petitioner does not contest the legality of his conviction; rather, Petitioner contends that he was denied his right to due process under the Fourteenth Amendment in connection with a prior disciplinary action in which he was found guilty of conspiring to introduce narcotics into prison. (Exhibit B, Disciplinary Record, Respondent's Answer.) Specifically, Petitioner contends that pages were missing in the incident report that was supplied to him before his disciplinary hearing, and that he was denied access to a search warrant issued against an alleged co-conspirator in the scheme to introduce drugs into the prison.

On May 18, 2003, a Rules Violation Report was issued charging Petitioner with conspiracy to distribute a controlled substance. (Exhibit B1, Respondent's Answer.) The disciplinary hearing was initially conducted on June 30, 2003; however, the hearing was continued to July 2, 2003, in order for Petitioner to receive copies of the letters and telephone transcripts. (Id.) Petitioner pled not guilty, but asked several questions of the reporting employee. (Id.) The Disciplinary Hearing Officer (DHO) found Petitioner guilty of conspiracy to distribute a controlled substance, based upon correspondence, including letters and telephone conversations between inmate Becerrada, his mother, Estella Aquirre, and Petitioner's brother, Angel Sanchez. (Id.) Petitioner was assessed a loss of 180 days of time credits. (Id.)

Petitioner filed the instant federal petition for writ of habeas corpus June 6, 2005. Respondent filed a response to the petition on February 10, 2006, and Petitioner filed a traverse on April 6, 2006. (Court Docs. 12, 15, 16.)

## DISCUSSION

A.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at California Correctional Institution in Tehachapi, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

B.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1. The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

The state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for her habeas petition because she meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'").

C.      Review of Petition

As previously stated, Petitioner contends that pages were missing in the incident report that was supplied to him before his disciplinary hearing, and that he was denied access to a

3

search warrant issued against an alleged co-conspirator in the scheme to introduce drugs into the prison

Through observations of letter correspondence and telephone conversations, it was suspected that Petitioner was conspiring to introduce drugs into the prison. Petitioner corresponded with his brother to arrange for transport by a third party of his "son" to prison. It became apparent through continued monitoring that the word "son" was a code word for narcotics. It was determined through further investigation that Petitioner was not discussing his real son, but was arranging for transport of drugs into the prison.[1] When fellow inmate Becerrada's mother (the third party) came to the prison to visit her son, inmate Becerrada, a search warrant was executed upon her person and she was found in possession of three bindles of heroin containing a total weight of 24.9 grams. (Exhibit B1, at B100021.)

Officer Abarquez testified at Petitioner's disciplinary hearing concerning the investigation of the correspondence between Petitioner, his brother Angel Sanchez, fellow inmate Becerrada, and his mother Estella Acquire. (Id.) Petitioner offered no witnesses or evidence in defense of the charges.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and

---

[1] Petitioner had a son who always visited with the boy's mother, and no third party had ever transported his son to prison.

4

1  (3) a written statement by the factfinder of the evidence relied on and the reasons for the
2  disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process
3  requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455, *citing* United
4  States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

Petitioner contends that he was not given a complete copy of the incident report and was not given a copy of the search warrant.  Petitioner's claims are without merit.

As Respondent argues, the alleged missing pages in the incident report are a non-issue.  At the disciplinary hearing, Petitioner indicated that he did not receive pages five and six of the incident report.  The DHO informed Petitioner that he had a complete copy of the report and no pages were missing.  A clerical pagination error had been made within the incident report, which was corrected at the hearing. (Exhibit B1, at B00019, to Answer.)  Petitioner therefore had a complete copy of the report.

As Respondent submits, Petitioner has failed to demonstrate that any Supreme Court authority establishes that he was entitled to a copy of a search warrant served upon a third party.  The DHO denied Petitioner's request because it contained information of a private citizen and was not viewed or used as evidence by the DHO and was not relevant to his guilt or innocence for the offense.  As stated in Wolff, an inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff, 418 U.S. at 566.  Because Petitioner has not cited nor has this Court found any Supreme Court authority which suggests, let alone compels, that Petitioner was allowed a copy of a search warrant executed upon a third party, his claim fails.[2]  In any event, as stated by the DHO it was not used or relied upon in determining whether Petitioner was guilty of the offense.[3]  Thus, the warrant was irrelevant.

---

[2] Furthermore, Petitioner would not have standing to challenge the search warrant executed upon a third party, in that he has no expectation of privacy.  Standing is not conferred vicariously; thus, even if the Fourth Amendment rights of a third party have been violated, Petitioner would have to demonstrate that the challenged search violated his Fourth Amendment interests.  See United States v. Erwin, 875 F.2d 268, 270 (10th Cir. 1989).

[3] Thus, Petitioner's reliance on California Code of Regulations, title 15, § 3320, which states in part "[a] copy of the CDC Form 115 and all nonconfidential reports to be relied upon in a disciplinary hearing shall normally be provided to the inmate within 24 hours after the CDC Form 115 has been classified serious or administrative . . ."

5

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus is DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 12, 2007                      /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

---

is misplaced. As just stated, because the search warrant was not relied upon at the disciplinary hearing, no copy need be provided to Petitioner under § 3320. In any event, the Constitution only requires that prisoners be afforded those procedures mandated by Wolff at a prison disciplinary hearing; it does not require that prison officials comply with their own more generous procedures or time limitations. See Walker v. Sumner, 14 F.3d at 1419-1420; Rogers v. Okin, 738 F.2d 1, 8 (1st Cir. 1984).